UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE MARTIN,                                :
                                            :
     Plaintiff,                             :
                                            :
v.                                          :
                                            :
BARRINGTON HOLDINGS                         :
GROUP, LLC, a Domestic Limited              :
Liability Corporation, REAL                 :
ESTATE PRINCIPALS                           :
PURCHASING GROUP, INC., a                   :
Foreign Nonprofit Corporation, and
NORTH EMPIRE, LLC,

     Defendants.
_____

# EXHIBIT A

**NOTICE OF REMOVAL 1/16/2019**
_____

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
|---|---|
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>18-013821-NO<br>Hon. Susan L. Hubbard |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5183

**Plaintiff's name(s), address(es), and telephone no(s)**

Martin, Rose

v

**Defendant's name(s), addresses(es), and telephone no(s).**

Barrington Holdings Group, LLC

**Plaintiff's attorney, bar no., address, and telephone no**

Rebecca H. Filiatraut 46443
29777 Telegraph Rd Ste 1555
Southfield, MI 48034-7662

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/24/2018 | 1/23/2019 | Jacquetta Parkinson |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (8/18)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



|  |
|---|
| SUMMONS |
| Case No. : **18-013821-NO** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | **Total fee** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                                 Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROSE MARTIN,

        Plaintiff,

v.

BARRINGTON HOLDINGS GROUP, LLC,
a Domestic Limited Liability Corporation,
REAL ESTATE PRINCIPALS PURCHASING
GROUP, INC., a Foreign Nonprofit Corporation,
and NORTH EMPIRE, LLC,

        Defendants.

Case Number:  18-            -NO
Honorable:

---

LAW OFFICES OF LEE B. STEINBERG, PC
REBECCA H. FILIATRAUT (P46443)
Attorney for Plaintiff
29777 Telegraph Rd., Suite 1555
Southfield, MI 48034
(248) 352-777/Fax: (248) 352-6254
rebecca@leefree.net

---

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

*/s/ Rebecca H. Filiatraut*
REBECCA H. FILIATRAUT (P46443)

**NOW COMES** the Plaintiff, ROSE MARTIN, by and through her attorneys, THE LAW OFFICES OF LEE B. STEINBERG, P.C., by REBECCA H. FILIATRAUT, and for her Complaint against the Defendant states as follows:

1

## GENERAL AVERMENTS

1. That Plaintiff, ROSE MARTIN, was at all times relevant hereto, a resident of the City of Romulus, County of Wayne, State of Michigan.

2. That Defendant, BARRINGTON HOLDINGS GROUP, LLC, is a Michigan Limited Liability Corporation doing business in the County of Wayne, State of Michigan.

3. That Defendant, REAL ESTATE PRINCIPALS PURCHASING GROUP, INC., is a non-profit Texas Corporation, doing business in the County of Wayne, State of Michigan.

4. That Defendant, NORTH EMPIRE, LLC., is a Limited Liability Corporation doing business in the County of Wayne, State of Michigan.

5. That the within complained of events happened in the City of Romulus, County of Wayne, State of Michigan.

6. That the amount in controversy exceeds **TWENTY-FIVE THOUSAND DOLLARS ($25,000.00),** exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Court.

## COUNT I – DEFENDANTS BARRINGTON HOLDINGS GROUP LLC and REAL ESTATE PRINCIPALS PURCHASING GROUP, INC. - PROPERTY OWNERS

7. That the Plaintiff reincorporates and re-alleges paragraphs one (1) through six (6) of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

8. That prior to January 11, 2017, Plaintiff, ROSE MARTIN, was a tenant on the residential lease rental agreement with defendants Barrington Holdings Group, LLC and Real Estate Principals Purchasing Group, Inc., and was a tenant on the property owned by defendants, located at 35580 Margaret Drive, Apt. 112 in the City of Romulus, County of Wayne, State of Michigan.

9. At all times, pertinent hereto, Plaintiff ROSE MARTIN enjoyed all the duties, rights, and privileges of an invitee at the subject premises located at 35580 Margaret Drive, Apt. 112 in the City of Romulus, County of Wayne, State of Michigan.

10. That on the aforesaid date, Plaintiff, ROSE MARTIN, was caused to slip and fall on the sidewalk at 35580 Margaret Drive, Apt. 112 due to the accumulation of black ice on said sidewalk, causing Plaintiff, ROSE MARTIN, to fall and sustain the serious injuries hereinafter set forth.

11. A landlord/owner/owner is never allowed to needlessly and unnecessarily endanger the safety of the community, including but not limited to their tenants.

12. If a landlord/owner needlessly and unnecessarily endangers the safety of the community, including but not limited to their tenants, then the landlord/owner is responsible for the harms and losses that occur.

13. A landlord/owner must keep their rental property in reasonable repair during the term of the lease, so as not to needlessly and unnecessarily endanger the public, including but not limited to its tenants.

14. If a landlord/owner chooses not to keep the rental property in reasonable repair during the term of the lease, the landlord/owner is responsible for all of the harms and losses that occur.

15. A landlord/owner must comply with the applicable health and safety rules of the state and of the local unit of government where the premises are located, so as not to needlessly and unnecessarily endanger the public, including but not limited to its tenants.

16. If a landlord/owner chooses not to comply with the applicable health and safety rules of the state and of the local unit of government where the premises are located, the landlord/owner is responsible for all of the harms and losses that occur.

18-013821-NO  FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  10/24/2018 9:36 AM  Jacquetta Parkinson

17. That the aforementioned accumulation of ice had been present for a sufficient period of time for defendants Barrington Holdings Group, LLC and Real Estate Principals Purchasing Group, Inc., to acquire knowledge of it and to take appropriate steps to salt, shovel, or otherwise reduce the hazards thereby created.

18. That Plaintiff ROSE MARTIN has informed and believes that defendants Barrington Holdings Group, LLC and Real Estate Principals Purchasing Group Inc., through its agents, employees, or representatives, had actual and/or constructive knowledge of the aforementioned accumulation of ice which caused Plaintiff, ROSE MARTIN to fall.

19. That the *Open and Obvious Doctrine* does not apply to this cause of action.

20. That in the alternative, the aforementioned accumulation of ice that caused Plaintiff ROSE MARTIN to fall was not "open and obvious."

21. That in the alternative, the aforementioned accumulation of ice that caused Plaintiff ROSE MARTIN to fall was not readily apparent to an ordinary, average person upon casual inspection.

22. That the aforementioned accumulation of ice that caused Plaintiff ROSE MARTIN to fall was effectively unavoidable.

23. That the risk of harm presented by the aforementioned accumulation of ice that caused Plaintiff ROSE MARTIN to fall was great.

24. That defendants Barrington Holding Group, LCC and Real Estate Principals Purchasing Group, Inc., failed to shovel, salt, and/or maintain the aforementioned public area where the Plaintiff ROSE MARTIN fell.

25. That in addition, the special aspects and surrounding circumstances regarding the aforementioned accumulation of ice were such as to impose a duty of care upon the defendants

4

Barrington Holding Group, LLC and Real Estate Principals Purchasing Group, Inc., due to its size, its location, the unavoidability of the harm, the foreseeability of great harm, and other circumstances as discovered in the course of discovery.

26. That defendants Barrington Holding Group, LLC and Real Estate Principals Purchasing Group, Inc., owed a duty to the public, its tenants, and in particular, to the Plaintiff ROSE MARTIN, and breached said duties in the following ways, including but not limited to:

A. A duty to use ordinary care to protect their invitees, including the Plaintiff ROSE MARTIN from unreasonable risk of harm from a condition on the defendant's premises that the defendant knew of, or in the exercise of ordinary care should know of and should realize that it involves an unreasonable risk of harm to their invitees including the Plaintiff ROSE MARTIN;

B. A duty to provide a safe and habitable premises for invitees such as Plaintiff ROSE MARTIN and others similarly situated, and to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees;

C. A duty to the Plaintiff ROSE MARTIN and other patrons of said premises, as invitees, to inspect for dangerous conditions and to warn Plaintiff ROSE MARTIN and other patrons of dangerous conditions of which it knew or should have known;

D. A duty to warn of dangers, including, but not limited to, an accumulation of ice and snow in the public areas of which defendant knew, or should have known, in the exercise of ordinary care;

E. Failing to inspect the premises and repair/replace the dangerous and defective condition;

F. Negligently failing to exercise reasonable care to protect against hazards arising from the accumulation of ice and snow in the public common area;

G. Failing to exercise due care and caution in the inspection of the premises to ascertain the presence of improperly maintained, improperly shoveled and/or salted public exterior area of the premises, in obvious disregard for the safety, health and well-being of residents and the general public and in particular of Plaintiff ROSE MARTIN;

H. Failing to correct a dangerous condition on their premises, to wit: an accumulation of ice and snow in obvious disregard for the health, safety,

5

18-013821-NO  FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  10/24/2018 9:36 AM  Jacquetta Parkinson

and well-being of residents and the general public and in particular to Plaintiff ROSE MARTIN;

I. Failing to properly maintain the public areas of the property when defendant knew or should have known that said defects posed an unreasonable risk to residents and the general public and in particular to Plaintiff ROSE MARTIN;

J. Failing to exercise reasonable care in hiring personnel whose duties include maintaining the premises in a reasonably safe condition;

K. Failing to use ordinary and reasonable care for the safety of the residents and the general public and in particular Plaintiff ROSE MARTIN; and

L. Other such negligence that becomes known through the course of discovery.

27. That defendants Barrington Holding Group, LLC and Real Estate Principals Purchasing Group, Inc., violated MCL 554.139 (Warranty of Habitability) which establishes a legal duty and a mandatory implied covenant applying to defendant, as owner or agents thereof which, in part, reads as follows:

*In every lease or license of residential premises, the lessor or licensor covenants:*

A. That the premises and all common areas are fit for the use intended by the parties;

B. To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety law of the state and of the local unit of government where the premises are located.

28. That defendants Barrington Holding Group, LLC and Real Estate Principals Purchasing Group, Inc., violated MCLS Section 136 (1) (Michigan Housing Code), making it unlawful conduct to keep or maintain any dwelling which is a "dangerous building" as defined in MCLS Section 125.539. This includes (f) "[any] building or structure used or intended to be used for dwelling purposes, including the adjoining grounds, because of dilapidation, decay, damage, faulty construction or arrangement, or otherwise, is unsanitary or unfit for human habitation, is in a condition that the health office determines is likely to cause sickness or disease, or is likely to

6

injure the health, safety, or general welfare of people living in the dwelling."

29. That as a direct and proximate result of the above-mentioned negligence of defendants Barrington Holdings Group, LLC and Real Estate Principals Purchasing Group, Inc., the Plaintiff, ROSE MARTIN, sustained injuries, including, but not limited to a comminuted transverse fracture of the mid to lower portion of the patella of her left leg requiring an open reduction and internal fixation in addition to physical pain and suffering, physical disability, incapacity and loss of function, denial of everyday social pleasures and enjoyments, diminished quality of life, scarring, disfigurement, mental anguish, emotional distress, fright and shock, embarrassment and humiliation and economic loss damages for medical expenses and lost income.

30. That if it is discovered that the Plaintiff ROSE MARTIN was suffering from any other medical condition prior to this incident, then and in that event, the Plaintiff ROSE MARTIN claims that those injuries and damages were precipitated, aggravated and/or accelerated by the injury causing event set forth herein.

31. That Plaintiff ROSE MARTIN is and will be unable to participate in the usual activities of life indulged in prior to said incident.

32. That as a further direct and proximate result of the negligence of defendants Barrington Holdings Group, LLC and Real Estate Principals Purchasing Group, Inc., Plaintiff ROSE MARTIN has in the past and will in the future incur extensive medical, hospital and doctor bills.

WHEREFORE, Plaintiff, ROSE MARTIN, prays this Court grant judgment in her favor and against defendants, BARRINGTON HOLDING GROUP, LLC, REAL ESTATE PRINCIPALS PURCHASING GROUP, INC., and NORTH EMPIRE, LLC, for whatever amount

in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

## COUNT II
## DEFENDANT, NORTH EMPIRE, LLC - PROPERTY MANAGER

33. That the Plaintiff reincorporates and re-allege paragraphs one (1) through thirty-two (32) of this Complaint, as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

34. That prior to January 11, 2017, Plaintiff, ROSE MARTIN was a resident at the property managed by defendant, North Empire, LLC, located at 35580 Margaret Drive, Apt. 112, in Romulus, County of Wayne, State of Michigan.

35. At all times pertinent hereto, Plaintiff, ROSE MARTIN enjoyed all the duties, rights, and privileges of an invitee at the subject premises located at 35580 Margaret Drive, Apt. 112, Romulus, County of Wayne, State of Michigan.

36. That on the aforesaid date, Plaintiff, ROSE MARTIN, was caused to slip and fall on the sidewalk at 35580 Margaret Drive, Apt. 112, in Romulus due to the accumulation of ice and snow on said sidewalk, causing Plaintiff, ROSE MARTIN, to fall and sustain the serious injuries hereinafter set forth.

37. A property manager is never allowed to needlessly and unnecessarily endanger the safety of the community, including but not limited to the tenants at the locations which they manage.

38. If a property manager needlessly and unnecessarily endangers the safety of the community, including but not limited to the tenants at properties at which they manage and/or supervise, then the property manager is responsible for the harms and losses that occur.

8

39. A property manager must keep the property they are hired to manage and/or supervise in reasonable repair during the term of the contract with the property owner, so as not to needlessly and unnecessarily endanger the public, including but not limited to its tenants.

40. If a property manager chooses not to keep the rental property in reasonable repair during the term of the contract with the property owner, the property manager is responsible for all of the harms and losses that occur.

41. A property manager must comply with the applicable health and safety rules of the state and of the local unit of government where the premises are located, so as not to needlessly and unnecessarily endanger the public, including but not limited to the tenants.

42. If a property manager chooses not to comply with the applicable health and safety rules of the state and of the local unit of government where the premises are located, the property manager is responsible for all of the harms and losses that occur.

43. That the aforementioned improperly maintained accumulation of ice and snow on the sidewalk had been present for a sufficient period of time for defendant North Empire, LLC, to acquire knowledge of it and to take appropriate steps to reduce the hazards thereby created.

44. That Plaintiff, ROSE MARTIN, has informed and believes that defendant North Empire, LLC, through its agents, employees, or representatives, had actual and/or constructive knowledge of the aforementioned accumulation of ice and snow on the sidewalk which caused Plaintiff, ROSE MARTIN, to fall.

45. That the *Open and Obvious Doctrine* does not apply to this cause of action.

46. That in the alternative, the aforementioned accumulation of ice and snow on the sidewalk that caused Plaintiff, ROSE MARTIN, to fall was not "open and obvious."

47. That in the alternative, the aforementioned accumulation of ice and snow on the sidewalk that caused Plaintiff, ROSE MARTIN, to fall was not readily apparent to an ordinary, average person upon causal inspection.

48. That the aforementioned accumulation of ice and snow on the sidewalk that caused Plaintiff, ROSE MARTIN, to fall was effectively unavoidable.

49. That the risk of harm presented by the aforementioned accumulation of ice and snow on the sidewalk that caused Plaintiff, ROSE MARTIN, to fall was great.

50. That defendant North Empire, LLC, failed to maintain the aforementioned public area where the Plaintiff, ROSE MARTIN, fell.

51. That in addition, the special aspects and surrounding circumstances regarding the aforementioned accumulation of ice and snow on the sidewalk were such as to impose a duty of care upon the defendant North Empire, LLC, due to its size, its location, the unavoidability of the harm, the foreseeability of great harm, and other circumstances as discovered in the course of discovery.

52. That defendant, North Empire, LLC, owed a duty to the public, its tenants, and in particular, to the Plaintiff, ROSE MARTIN and breached said duties in the following ways, including but not limited to:

    A. A duty to use ordinary care to protect their invitees, including the Plaintiff ROSE MARTIN from unreasonable risk of harm from a condition on the defendant's premises that the defendant knew of, or in the exercise of ordinary care should know of and should realize that it involves an unreasonable risk of harm to their invitees including the Plaintiff ROSE MARTIN;

    B. A duty to provide a safe place for invitees such as Plaintiff ROSE MARTIN and others similarly situated, and to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees;

C. A duty to the Plaintiff ROSE MARTIN and other patrons of said premises, as invitees, to inspect for dangerous conditions and to warn Plaintiff ROSE MARTIN and other patrons of dangerous conditions of which it knew or should have known;

D. A duty to warn of dangers, including, but not limited to, an accumulation of ice and snow in the public areas of which defendant knew, or should have known, in the exercise of ordinary care;

E. Failing to inspect the premises and repair/replace the dangerous and defective condition;

F. Negligently failing to exercise reasonable care to protect against hazards arising from the accumulation of ice and snow in the public area;

G. Failing to exercise due care and caution in the inspection of the premises to ascertain the presence of improperly maintained, improperly shoveled and/or salted public exterior area of the premises, in obvious disregard for the safety, health and well-being of residents and the general public and in particular of Plaintiff ROSE MARTIN;

H. Failing to correct a dangerous condition on their premises, to wit: an accumulation of ice and snow in obvious disregard for the health, safety, and well-being of residents and the general public and in particular to Plaintiff ROSE MARTIN;

I. Failing to properly maintain the public areas of the property when defendant knew or should have known that said defects posed an unreasonable risk to residents and the general public and in particular to Plaintiff ROSE MARTIN;

J. Failing to exercise reasonable care in hiring personnel whose duties include maintaining the premises in a reasonably safe condition;

K. Failing to use ordinary and reasonable care for the safety of the residents and the general public and in particular Plaintiff ROSE MARTIN; and

L. Other such negligence that becomes known through the course of discovery.

53. That the Defendant violated MCLS Section 136 (1) (Michigan Housing Code), making it unlawful conduct to keep or maintain any dwelling which is a "dangerous building" as

11

defined in MCLS Section 125.539. This includes (f) "[any] building or structure used or intended to be used for dwelling purposes, including the adjoining grounds, because of dilapidation, decay, damage, faulty construction or arrangement, or otherwise, is unsanitary or unfit for human habitation, is in a condition that the health office determines is likely to cause sickness or disease, or is likely to injure the health, safety, or general welfare of people living in the dwelling."

54. That as a direct and proximate result of the above-mentioned negligence of defendant, North Empire, LLC, the Plaintiff, ROSE MARTIN, sustained injuries, including, but not limited to comminuted transverse fracture of the mid to lower portion of the patella of her left leg requiring an open reduction and internal fixation in addition to physical pain and suffering, physical disability, incapacity and loss of function, denial of everyday social pleasures and enjoyments, diminished quality of life, scarring, disfigurement, mental anguish, emotional distress, fright and shock, embarrassment and humiliation and economic loss damages for medical expenses and lost income.

55. That if it is discovered that the Plaintiff, ROSE MARTIN was suffering from any other medical condition prior to this incident, then and in that event, the Plaintiff, ROSE MARTIN claims that those injuries and damages were precipitated, aggravated and/or accelerated by the injury causing event set forth herein.

56. That Plaintiff, ROSE MARTIN is and will be unable to participate in the usual activities of life indulged in prior to said incident.

57. That as a further direct and proximate result of the negligence of the defendant, North Empire, LLC, Plaintiff, ROSE MARTIN has in the past and will in the future incur extensive medical, hospital and doctor bills.

WHEREFORE, Plaintiff, ROSE MARTIN, prays this Court grant judgment in her favor and against defendants, BARRINGTON HOLDINGS GROUP, LLC, REAL ESTATE PRINCIPALS PURCHASING GROUP, INC., and NORTH EMPIRE, LLC, for whatever amount in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

Respectfully Submitted,

THE LAW OFFICES OF LEE STEINBERG, P.C.

*/s/ Rebecca H. Filiatraut*

REBECCA H. FILIATRAUT (P46443)
Attorney for Plaintiff
29777 Telegraph Road, Suite 1555
Southfield, MI 48034
(248) 352-7777

Dated: October 23, 2018

18-013821-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/24/2018 9:36 AM Jacquetta Parkinson

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROSE MARTIN,

    Plaintiff,

v.

Case Number: 18-     -NO
Hon.

BARRINGTON HOLDINGS GROUP, LLC,
a Domestic Limited Liability Corporation,
REAL ESTATE PRINCIPALS PURCHASING
GROUP, INC., a Foreign Nonprofit Corporation,
and NORTH EMPIRE, LLC,

    Defendant.

---

LAW OFFICES OF LEE B. STEINBERG, PC
REBECCA H. FILIATRAUT (P46443)
Attorney for Plaintiff
29777 Telegraph Rd., Suite 1555
Southfield, MI 48034
(248) 352-777/Fax: (248) 352-6254
rebecca@leefree.net

---

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, ROSE MARTIN, by and through her attorneys, the LAW OFFICES OF LEE STEINBERG, P.C., by REBECCA H. FILIATRAUT, and hereby respectfully demands trial by jury.

                       **THE LAW OFFICES OF LEE STEINBERG, P.C.**

                       */s/ Rebecca Filiatraut*
                       **REBECCA H. FILIATRAUT (P46443)**
                       Attorney for Plaintiff
                       29777 Telegraph Road, Suite 1555
                       Southfield, MI 48034
Dated: October 23, 2018     (248) 352-7777

14